IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78424-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEDRA D. DERRICK-DICKSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: November 4, 2019 |
| | ) | |

VERELLEN, J. — Kedra Derrick-Dickson appeals her conviction of theft and trafficking in stolen property for the theft and sale of several iPhones. At trial, the court admitted text messages between Derrick-Dickson and a buyer of one of the phones. The court did not abuse its discretion when it admitted the messages because ER 404(b) does not apply. And for this reason, defense counsel's representation was not deficient when he failed to object to the admission of the messages under ER 404(b).

Therefore, we affirm.

## FACTS

Derrick-Dickson worked at an AT&T store in Federal Way. On May 3, 2016, Dustin Ramsdell, the store manager, noticed Derrick-Dickson had sold 12 iPhones the previous day. Because this was an unusually large number, Ramsdell researched the sale.

Derrick-Dickson had sold the iPhones to The Welding Company, a business from Yakima. Derrick-Dickson had paid the tax for each phone and placed the remainder of the costs on a payment plan. Ramsdell attempted to contact The Welding Company, but the listed number was no longer in service.

A few days later, Navardai Verespej messaged a seller on an Internet buyer and seller marketplace application about purchasing an iPhone. Verespej met the seller, Derrick-Dickson, in a parking lot. Derrick-Dickson did not get out of the car. Verespej paid her for the iPhone.

The State charged Derrick-Dickson with one count of first degree theft and one count of first degree trafficking in stolen property. Before trial, defense counsel withdrew his standard ER 404(b) objection because he did not foresee the State offering any ER 404(b) evidence. In response, the State stated it intended to offer the following text messages between Verespej and Derrick-Dickson:

| | |
|---|---|
| VERESPEJ: | Do you still have it? If so what's the lowe[st] you'd go? |
| DEFENDANT: | 650 |
| VERESPEJ: | Sounds good! Where can we meet? |
| VERESPEJ: | I need i[t] today since mine is not working anymore |
| DEFENDANT: | Sorry I only have 64 g left I can do 630 . . . I truly apologize for the screw up |
| VERESPEJ: | Is it the Rose one for [AT&T]? |
| DEFENDANT: | Yes |
| VERESPEJ: | I really need the 128 but ill give you $550 for that one |

DEFENDANT: Sorry 620 is the lowest I can go

VERESPEJ: Ill give you $600

VERESPEJ: I need a phone asap

DEFENDANT: I can't. 620 and it's yours

VERESPEJ: Sure! Can we meet around Bellevue or Renton?

DEFENDANT: Yes . . . can we meet at the Applebee's in Renton .
. . what time would u like to meet

VERESPEJ: Can we meet at the LA fitness

VERESPEJ: At the landings

DEFENDANT: Yes . . . what time's good for u

VERESPEJ: After 6

VERESPEJ: Does that work for you?

DEFENDANT: Yes that's fine . . . 2064191179 message me when
ready

VERESPEJ: Ok

VERESPEJ: I'm [at] the gym already! Let me know when you're
here[1]

The State argued the messages were admissible as res gestae. Defense counsel agreed and stated he was not planning to object to the text messages under ER 404(b) but raised a concern with the authenticity of the messages.

After an initial voir dire on the authenticity of the messages, the court found "the State has made a prima facie showing that the texts are what they purport to be

---

[1] Ex. 3.

and the evidence is authentic and admissible as far as [ER] 901 is concerned."[2] The court asked defense counsel if he had any other objections to the admissibility of the text messages, including under ER 404(b), and defense counsel indicated he did not.

At trial, the court admitted the text messages. Defense counsel reminded the court of his previous authenticity objection but did not raise any other objection. Also at trial, Verespej identified Derrick-Dickson as the seller, and Ramsdell identified the phone number in the text messages as Derrick-Dickson's phone number. The jury convicted Derrick-Dickson as charged.

Derrick-Dickson appeals.

## ANALYSIS

### I. ER 404(b)

Derrick-Dickson contends the trial court abused its discretion when it admitted the text messages between Verespej and Derrick-Dickson.

We review a trial court's decision to admit evidence for abuse of discretion.[3]

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[4] "All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided

---

[2] Report of Proceedings (Feb. 28, 2018) at 52.

[3] State v. Gresham, 173 Wn.2d 405, 419, 269 P.3d 207 (2012) (quoting State v. Foxhoven, 161 Wn.2d 168, 174, 163 P.3d 786 (2007)).

[4] ER 401.

4

by statute, these rules, or by other rules or regulations applicable in the courts of this state."[5]

For the first time on appeal, Derrick-Dickson challenges the admissibility of the text messages under ER 404(b).

ER 404(b) addresses the admissible of evidence of other crimes, wrongs or acts of the defendant. Such evidence "is not admissible to prove the character of a person in order to show action in conformity therewith."[6] But evidence of the defendant's prior bad acts may be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[7]

The messages do not fall under ER 404(b) because they are not evidence of Derrick-Dickson's "other crimes, wrongs, or acts"; rather, the messages are evidence of the charged crimes. The State charged Derrick-Dickson with one count of first degree theft and one count of first degree trafficking in stolen property. A person is guilty of first degree trafficking if she "knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or who knowingly traffics in stolen property."[8] The text messages are relevant because they identify Derrick-Dickson as the seller. And the messages are relevant to show Derrick-Dickson organized and planned to sell Verespej the stolen iPhone. ER 404(b) does not apply.

---

[5] ER 402.

[6] ER 404(b).

[7] ER 404(b).

[8] RCW 9A.82.050(1).

We conclude the trial court did not abuse its discretion when it admitted the text messages between Derrick-Dickson and Verespej.

## II. Ineffective Assistance of Counsel

Derrick-Dickson argues she received ineffective assistance of counsel because her attorney failed to maintain his ER 404(b) objection.

We review ineffective assistance of counsel claims de novo.[9] To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant.[10]

Because the text messages do not constitute ER 404(b) evidence, defense counsel had no obligation to maintain an ER 404(b) objection to the admission of the messages. Because Derrick-Dickson does not establish deficient representation, we need not address prejudice. Derrick-Dickson's claim of ineffective assistance fails.

We affirm.

WE CONCUR:

---

[9] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[10] State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 102 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).